UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Natalie Roby,

    Plaintiff,

v.

Bloom Roofing Systems, Inc.,

    Defendant.

Case No. 22-10622
District Judge Gershwin A. Drain
Magistrate Judge Jonathan J.C. Grey

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO COMPEL (ECF No. 37)**

Natalie Roby brought this complaint against Bloom Roofing Systems, Inc. ("Bloom Roofing"), and alleged unlawful termination and retaliation in violation of the Family Medical Leave Act (FMLA), sex discrimination in violation of Title VII of the Civil Rights Act and Michigan's Elliot-Larson Civil Rights Act (ELCRA), and disability discrimination in violation of the Americans with Disabilities Act and Michigan's Persons with Disabilities Civil Rights Act (PDCRA). (ECF No. 36.)

On November 4, 2022, Roby filed a motion to compel Bloom Roofing to fully respond to Roby's first and second interrogatories and requests for

production. (ECF No. 37.) For the reasons stated on the record and in this order, the Court **GRANTS IN PART** and **DENIES IN PART** Roby's motion to compel.

"Parties may obtain discovery on any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). The scope of discovery should be "accorded a broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Courts have broad discretion over discovery matters. *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999).

When a party claims to have fully complied with all requests allowed under Rule 26(b)'s broad umbrella, they must sign the response certifying that the disclosure is complete and correct to the best of the signer's knowledge, information, and belief. Fed. R. Civ. P. 26(g). Once a party has signed a response stating there is nothing more to disclose, the Court cannot compel that party to provide information they do not have nor compel production of documents that do not exist. *Waskul v. Washtenaw County Community Mental Health*, 569 F. Supp. 3d 626, 639 (E.D. Mich. 2021) (quotations omitted).

As stated on the record, Roby's motion is **GRANTED IN PART**, and the parties are to meet and confer and schedule a date for Roby to inspect the personnel files. For all other requests, Bloom Roofing has stated in its responses to requests for production and in its signed filings that it has produced all documents

in its possession responsive to Roby's request. This is all that the Federal Rules of Civil Procedure require of Bloom. *Waskul*, 569 F. Supp. 3d at 639. The Court finds that it lacks any basis to find that Bloom Roofing failed to produce documents in the format agreed to by the parties. Further, in an apparent kind gesture, Bloom Roofing agreed to assist Roby in reviewing 200,000 plus documents Bloom Roofing identified as non-responsive. Therefore, the Court **DENIES** Roby's request for further production.

    SO ORDERED.

Dated:   January 24, 2023                    s/**Jonathan J.C. Grey**
                                                        Jonathan J.C. Grey
                                                        United States Magistrate Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 24, 2023.

s/ <b>J. Owens</b><br>Julie Owens