UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE ROBY,

      Plaintiff,

v.

BLOOM ROOFING SYSTEMS,

      Defendant.
_____/

Civil Case No.: 22-cv-10622

Honorable Gershwin A. Drain

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS STATE DISCRIMINATION CLAIMS, OR FOR STAY OF PROCEEDINGS IN THE ALTERNATIVE [#19]

### I. INTRODUCTION

On March 23, 2022, Plaintiff Natalie Roby filed the instant action under the Family Medical Leave Act (FMLA), the Elliott-Larsen Civil Rights Act (ELCRA) and Persons with Disabilities Civil Rights Act (PWDCRA). In her original Complaint, Plaintiff alleges that she filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging sex and pregnancy discrimination in violation of Title VII of the Civil Rights Act of 1964 and disability discrimination in violation of the Americans with Disabilities Act

(ADA). *See* ECF No. 1. She further indicated that she would amend the Complaint upon receipt of a right to sue notice. *Id.*, PageID.3. She received her right-to-sue letter on October 13, 2022 and filed her Amended Complaint on November 1, 2022 raising claims under Title VII and the ADA.

Presently before the Court is the Defendant Boom Roofing Systems' Motion to Dismiss or for Stay of Proceedings in the Alternative, filed on August 26, 2022. In its present motion, Defendant seeks to dismiss Plaintiff's state law claims arguing that a right to sue letter is a mandatory procedural precondition to filing these claims. Plaintiff filed her Response to Defendant's Motion to Dismiss on September 8, 2022. Defendant filed a Reply in support of its present motion on September 15, 2022. Upon review of the parties' filings, the Court concludes that oral argument will not aid in the disposition of this matter. Accordingly, the Court will resolve the present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). Because there is no merit to Defendant's present motion, the Court will deny Defendant's requested relief.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to challenge the court's subject matter jurisdiction. The motion to dismiss is a factual attack on the court's subject matter jurisdiction. In analyzing the motion

2

[t]here is no presumption that the factual allegations set forth in the complaint are true and the court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." [*United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. Cir.), *cert. denied*, 513 U.S. 868 (1994)]. The court has wide discretion to consider materials outside the pleadings in assessing the validity of its jurisdiction. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). The plaintiff bears the burden of demonstrating subject matter jurisdiction. *RMI Titanium Co. v. Westinghouse Elec. Corp.,* 78 F.3d 1125, 1134 (6th Cir. 1996).

*Ashley v. United States*, 37 F.Supp.2d 1027, 1029 (W.D. Mich. 1997). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Sweeton v. Brown*, 27 F.3d 1162, 1169 (6th Cir. 1994) (quoting *United States v. Siviglia*, 686 F.2d 832, 835 (10th Cir. 1981), *cert. denied*, 461 U.S. 918 (1983)).

Federal Rule of Civil Procedure12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id*. at 1950.

### III.  ANALYSIS

Defendant's Motion to Dismiss Plaintiff's state law claims is wholly without merit. The receipt of a right-to-sue letter from the EEOC is a condition precedent to filing a *federal* discrimination lawsuit under certain federal statutes, including Title VII and the ADA. As such, Plaintiff did not bring these claims in her original Complaint, but rather alleged these claims in her Amended Complaint once she received her right-to-sue letter on October 13, 2022.

Michigan law has no exhaustion requirement under the ELCRA. *See Sherman v. Chrysler Corp*., 47 F. App'x 716 (6th Cir. Sep. 16, 2002). Nor does the PWDCRA contain an exhaustion requirement, unlike its ADA counterpart. *See Kerwin v. Cmty. Action Agency*, No. 20-13160, 2022 U.S. Dist. LEXIS 81740, at *26 (E.D. Mich. May 5, 2022). The case cited by Defendant relates to the

4

prerequisites for bringing federal claims under Title VII and therefore it is distinguishable from the facts of this case. *See Fort Bend v. Davis*, 139 S. Ct. 1843, 1846 (2019).

Here, Plaintiff properly filed her original Complaint alleging claims under the FMLA and Michigan state law. Once she received her right-to-sue letter from the EEOC, she then filed her Amended Complaint raising her ADA and Title VII claims. Defendant has filed its Answer to the Amended Complaint and the parties are currently conducting discovery.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Dismiss State Discrimination Claims or for Stay of Proceedings in the Alternative [#19] is DENIED.

SO ORDERED.

Dated: January 25, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 25, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager