UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NATALIE ROBY

    Plaintiff,

    v.

BLOOM ROOFING SYSTEMS

    Defendant.
_____/

Case No. 22-10622

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

## OPINION AND ORDER OVERRULING DEFENDANT'S OBJECTIONS [ECF No. 34] AND MOOTING DEFENDANT'S MOTION TO EXPEDITE HEARING [ECF NO. 53].

### I.   Introduction

Natalie Roby ("Roby") brings this lawsuit against Bloom Roofing Systems, Inc. ("Bloom"). She alleges unlawful termination and retaliation in violation of the Family Medical Leave Act (FMLA), sex discrimination in violation of Michigan's Elliot-Larson Civil Rights Act (ELCRA), and disability discrimination in violation of Michigan's Persons with Disabilities Civil Rights Act (PDCRA). [ECF No. 1].

On August 12, 2022, Roby filed a motion for protective order requesting to quash subpoenas issued to her former and current employers and protect Roby from Bloom issuing similar subpoenas. [ECF No. 15]. The motion was briefed and argued

1

before Magistrate Judge Johnathan J.C. Grey. He granted Roby's motion. [ECF No. 32].

Bloom filed objections to that ruling on October 27, 2022. Roby responded on November 11, 2022, and Bloom did not reply. The objections are fully briefed. Upon review of the parties' submissions, the Court concludes oral argument will not aid in the resolution of this matter. Accordingly, the Court will resolve the motions on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

For the reasons stated below, the Court **OVERRULES** Defendant's objections. Bloom also filed a Motion to Expedite Hearing on Defendant's Objection to/Appeal of Order on Discovery [ECF No. 53]. This motion is **MOOT.**

## II.     Factual and Procedural Background

The factual background is detailed in Judge Grey's Order Granting Plaintiff's Motion for Protective Order and Denying Defendant's Motion to Amend. [ECF No. 32, PageID.486]. Neither party objects to this recitation of the facts and the Court incorporates it by reference. The Court will only discuss the facts most relevant to Defendant's objections.

Roby was a service account specialist at Bloom. She alleges that, on August 25, 2021, Bloom fired her after she took twelve weeks of leave under the FMLA to recover from her pregnancy and care for her premature child. [ECF No. 1]. Roby

2

claims that she is an expert in the commercial roofing industry with over 15 years of experience and that she performed her job duties "excellently." [Id].

Roby also says that her supervisor, Mr. Shaw, made many disparaging comments that were based on her gender before and after her pregnancy. [Id]. Further, Roby claims that Bloom terminated her in retaliation for taking medical leave, a protected activity under the FMLA. [Id].

Bloom says it fired Roby for her erratic, unreliable, and ineffective performance. [ECF Nos. 6, 18-1]. Roby's alleged failures included missing deadlines, working limited hours without permission, customers complaining about her, and submitting poor work product. [ECF Nos. 6, 18-1].

After this lawsuit was filed, Defendant issued subpoenas to Ms. Roby's current employer and three former employers, seeking the following information:

1. A complete copy of any personnel file(s) for Natalie Roby;

2. A complete copy of all paystubs for Natalie Roby;

3. A list of all individuals who were supervisors to Natalie Roby, and a current telephone number and address for each;

4. Documentation of any and all insurance claims of any nature related to Natalie Roby;

5. A list of all coworkers who have or would have had regular interaction with Natalie Roby, and a current telephone number and address for each;

6. Copies of all documentation relative to any and all complaints of any nature made to human resources, supervisors, or management, or other

      appropriate representative by Natalie Roby;

7. Copies of all documentation relative to any and all complaints of any nature lodged or filed against Natalie Roby; and

8. An [sic] a full and explanation of the circumstances of Natalie Roby's departure from your organization.

[ECF No. 15-2, PageID.108-129]. These subpoenas were the subject of Roby's motion for protective order. She sought an order quashing these requests.

### III. Discussion

### A. Standard of Review

As a non-dispositive matter, the review of a magistrate's discovery order is governed by the "clearly erroneous or contrary to law" standard of review. Fed. R. Civ. P. 72(a). The United States Supreme Court and the Sixth Circuit have held that "a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Mabry*, 518 F.3d 442, 449 (6th Cir. 2008) (*quoting United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). This standard does not allow a reviewing court to reverse a magistrate judge's finding merely because it would have decided the matter differently. *Sedgwick Ins. v. F.A.B.E. Custom Downstream Sys., Inc.*, 47 F. Supp. 3d 536, 538 (E.D. Mich. 2014).

"The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; his legal conclusions are reviewed under the plenary 'contrary to

4

law' standard." *Id*. at 538 (*quoting Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995)). The Court's review under the "contrary to law" standard requires the exercise of independent judgment in determining whether the magistrate judge's legal conclusions "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994); *Draughn v. Bouchard*, 2017 WL 3048667, at *1 (E.D. Mich. July 19, 2017).

### B. Applicable Law

Under Fed. R. Civ. P. 26 (b)(1) ("Rule 26"), "parties may obtain discovery on any non-privileged matter that is relevant to any party's claim or defense, and proportional to the needs of the case . . . considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, [and] the importance of the discovery in resolving the issues . . ." *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016).

The scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad. *Loyd v. Saint Joseph Mercy Oakland,* 766 F.3d 580, 593 (6th Cir. 2014). "[A]lthough a [party] should not be denied access to information necessary to establish [a] claim [or defense], neither may a [party] be permitted to 'go fishing' and a trial court retains discretion to determine that a discovery request

5

is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (*citing Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)).

Next, the Court will discuss Judge Grey's rulings and Bloom's objections.

### C. The Magistrate Judge's Ruling and Defendant's Objections

Judge Grey quashed the subpoenas to Roby's former and current employers as irrelevant and not proportional to the needs of the case under Rule 26 (b)(1). Relying on the rationale of two district court cases, he reasoned that "Roby's prior performance at her other jobs have no bearing on whether Bloom Roofing wrongfully terminated her unless Bloom Roofing had that information and relied on it in its decisions to hire or fire her." [ECF No. 32, PageID.491] (*citing Oates v. Target Corp.*, No. 11-14837, 2012 WL 4513731, at *3 (E.D. Mich. Oct. 2, 2012); and *Tribula v. SPX Corp.*, No. 08-13300, 2009 WL 87269, at *2 (E.D. Mich. Jan. 12, 2009).

He further reasoned that, "Roby's statement in her complaint that she performed 'excellently' at her prior jobs does not necessarily put that statement or the facts supporting it at issue in this case. Her performance at her prior jobs is not an indication of her performance with Bloom Roofing, making the information sought from the past employers irrelevant." [ECF No. 32, PageID.492]. The court quashed all subpoenas and prohibited the issuance of any additional subpoenas to

6

Roby's former employers or current employers without leave of court. [ECF No. 32, PageID.492].

Bloom objects, arguing that Judge Grey's ruling is erroneous considering the broad nature of discovery and the fact that other authorities cited by Bloom reach legal conclusions "to the contrary." [ECF No. 34, PageID.505].

Given that Roby was allegedly fired due to poor job performance at Bloom—and not because of any issues related to her time with previous or current employers—Judge Grey's legal conclusions are not contrary to Rule 26 (b)(1).

Evidence from Roby's past employers has nothing to do with the credibility of her claims that she performed well at Bloom and was fired for discriminatory reasons. The evidence relevant to Roby's credibility consists of employment records from her time at Bloom. Subpoenas for Roby's employment records from other jobs are not proportional to Defendant's need to show Roby's poor performance during her time at Bloom.

Further, Bloom cites no precedent, cases from this district, provision of the U.S. Constitution, or statute contrary to Judge Grey's legal conclusions. Defendant cites non-binding cases from other districts, but they do not permit the Court to overturn Judge Grey's legal conclusions because they are not "precedent" under Rule 72(a)'s "contrary to law" standard. This standard does not empower a reviewing district court to reverse the magistrate judge's finding because it would

7

have decided the matter differently. *LaFountain v. Martin,* 2010 WL 1416864, at *1 (W.D. Mich. Apr. 2, 2010). The Court could overrule Defendant's objections on these grounds alone.

For good measure, the Court will explain why Judge Grey's analysis of *Oates* and *Tribula* remain persuasive despite them having "material differences" compared to this case.

First, the defendant in *Oates* sought past employment records to dispute plaintiff's damages claims, challenge plaintiff's credibility and job qualifications, and to support its after-acquired evidence defense to plaintiff's employment discrimination claims. *Oates v. Target Corp.*, 2012 WL 4513731, at *2 (E.D. Mich. Oct. 2, 2012), *objections overruled*, No. 11-14837, 2012 WL 6608752 (E.D. Mich. Dec. 18, 2012).

There were three reasons why the magistrate judge ruled that evidence from past employers was irrelevant and not proportional: (1) defendant could have earlier obtained the information sought in the discovery requests from plaintiff's other employers, (2) defendant cited no specific qualifying information being held by these past employers and relied solely on its own mere speculation that damning evidence existed in past employment records; (3) issues of back pay, front pay, and mitigation of damages as argued by defendant were much more dependent on the

8

past employment records plaintiff had already provided, as well as plaintiff's employment history during her time with defendant and after her termination. *Id*.

The district judge concurred, concluding that "[a]bsent any reason to believe that the records of Plaintiff's prior employers would reveal Plaintiff's lack of truthfulness when she applied for employment with Defendant, the Court concurs in the Magistrate Judge's determination that Defendant's effort to obtain these records would be an unwarranted fishing expedition." *Oates v. Target Corp.*, 2012 WL 6608752, at *1 (E.D. Mich. Dec. 18, 2012).

Likewise, the court in *Tribula* concluded: "Because Defendant could have earlier obtained the information it now seeks from Plaintiff's former employers [before plaintiff was terminated], and because Defendant has cited no specific qualifying information for its [after-acquired evidence] defense being held by these employers, Plaintiff has shown good cause to quash the subpoenas." *Tribula v. SPX Corp.*, 2009 WL 87269, at *2 (E.D. Mich. Jan. 12, 2009). The court did not quash subpoenas from two other past employers because the plaintiff did not include those employers on her resume when she applied to defendant, so defendant could not have earlier obtained information from them before termination. *Id*. Finally, the court did not quash subpoenas to subsequent employers where plaintiff worked after her termination because the parties agreed that those records can be subpoenaed. *Id*.

Although Bloom does not seek employment records to support an after-acquired evidence defense, it seeks to challenge the credibility of Roby's contention that she has performed well at Bloom. Similar to the defendant in *Oates*, Bloom seeks to embark on a fishing expedition into Roby's past employment records for any damning information it can find, but it has no reason to believe that she performed poorly in past or current employment. Further, poor performance, pay stubs, etc., from past employers are irrelevant and not proportional to Bloom's needs. Roby's credibility (regarding her performance at Bloom) and damages can be determined by a review of her performance evaluations and employment records from Bloom. Also, it seems as though the parties have come to an agreement that Roby will provide pay stubs from her current employer to substantiate damages, lost wages, and liquidation damages. [ECF No. 32, PageID.493].

Bloom cites three out-of-district cases: *Levitin v. Nationwide Mutual Ins. Co.*, No., 2012 WL 6552814, at *3 (S.D. Ohio Dec. 14, 2012); *Baptiste v. Centers, Inc.*, 2013 WL 3196758 (M.D. Fla. June 21, 2013); *Langenfeld v. Armstrong World Industries, Inc.*, No. 13-cv-469, 2014 WL 287386 (S.D. Ohio Jan. 24, 2014). Each of these cases conclude that a plaintiff's references to her performance at other jobs makes the employment records from those employers subject to discovery.

*Levitin* concluded that plaintiff's previous employment records were discoverable where he alleged that his managers began to harass and retaliate against

10

him in a number of ways which interfered with his work performance and caused him to experience anxiety, panic attacks, and depression. *Levitin v. Nationwide Mut. Ins. Co.*, 2012 WL 6552814, at *1 (S.D. Ohio Dec. 14, 2012). That opinion mentions nothing about references to previous employment, but the court found that such records could bear on or could reasonably lead to other matters that could bear the credibility of plaintiff's allegations relating to his performance, his qualifications, and the legitimacy of defendant's proffered bases for the performance ratings it assigned to plaintiff. *Id.* at *3.

*Levitin* is distinguishable. Roby's qualifications or performance at other jobs are not at issue here because, as stated before, Bloom did not fire her for any reason related to other jobs.

None of those cases cited by Bloom—except *Levetin*—find that a plaintiff's claims of good performance at the company that terminated him/her makes employment records from other jobs relevant in the absence of a reason for termination that related to work history (such as qualifications or misconduct). Thus, the Court does not find these cases more persuasive than the in-district conclusions of *Oates* and *Tribula*.

However, to the extent that Roby wishes to rely on the statement that she performed well at other jobs, the Court will revisit the question of whether employment records from those employers are subject to discovery.

11

At this point, Bloom has not carried its burden to show that Judge Grey's well-reasoned rulings are contrary to law or that employment records from other jobs are relevant and proportional to the needs of this case.

## IV. Conclusion

Bloom's objections are **OVERRULED.** Bloom's Motion to Expedite Hearing [ECF No. 53] is **MOOT.**

**IT IS SO ORDERED.**

Dated: February 14, 2023 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 14, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk